**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

RYAN W.,

                    Plaintiff,

          v.                                            5:20-CV-1325
                                                           (DJS)
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

**APPEARANCES:**                          **OF COUNSEL:**

LAW OFFICES OF KENNETH HILLER      JUSTIN M. GOLDSTEIN, ESQ.
Attorney for Plaintiff                      KENNETH HILLER, ESQ.
6000 North Bailey Avenue, Suite 1A
Amherst, New York 14226

U.S. SOCIAL SECURITY ADMIN.          CANDACE LAWRENCE, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

### MEMORANDUM-DECISION AND ORDER[1]

        Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security that Plaintiff was not disabled.  Dkt.

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 5 & General Order 18.

No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 16 & 19.  For the reasons set forth below, the Commissioner's determination is affirmed.  Accordingly, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion is granted.

## I. RELEVANT BACKGROUND

### A.  Procedural History

Plaintiff applied for disability and disability insurance benefits, as well as, supplemental security income on August 12, 2017.  Dkt. No. 12, Admin. Tr. ("Tr."), pp. 83-84.  Plaintiff alleged disability based upon a learning disability, degenerative disc disease, scoliosis, and acid reflux.  Tr. at p. 85.  He alleged a disability onset date of August 12, 2017.  *Id.*  Plaintiff's applications were initially denied in November 2017, after which he timely requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at pp. 110-118.  Plaintiff appeared at a hearing before ALJ Jennifer Smith on September 24, 2019 at which Plaintiff and a vocational expert ("VE") testified.  Tr. at pp. 35-82. On October 10, 2019, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 15-27.  On September 11, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-5.

## B. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law.  First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2017.  Tr. at p. 17.   Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  *Id.* Third, the ALJ found that Plaintiff had the following severe impairments: history of borderline intellectual functioning, spinal stenosis secondary to midline central disc protrusion at L4-5 with radiculopathy, history of attention deficit hyperactivity disorder, anxiety disorder, depressive disorder, borderline personality disorder, learning disorder, and obesity.  *Id.*  Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings").  Tr. at pp. 18-20. The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform light work with numerous limitations.  Tr. at p. 20.  Next, the ALJ found that Plaintiff could not perform any past relevant work.  Tr. at p. 25.  Finally, the ALJ went on to find that there was other work existing in significant numbers in the national economy that Plaintiff could perform.  Tr. at p. 26.  The ALJ, therefore, concluded that Plaintiff is not disabled.  *Id.*

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).   Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).   "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

3

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained

"even where substantial evidence may support the plaintiff's position and despite that

the court's independent analysis of the evidence may differ from the [Commissioner's]."

*Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court

must afford the Commissioner's determination considerable deference, and may not

substitute "its own judgment for that of the [Commissioner], even if it might justifiably

have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health &

Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine

whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§

404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential

evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The five-step

process is as follows:

> First, the [Commissioner] considers whether the claimant is currently
> engaged in substantial gainful activity.  If he is not, the [Commissioner]
> next considers whether the claimant has a "severe impairment" which
> significantly limits his physical or mental ability to do basic work
> activities.  If the claimant suffers such an impairment, the third inquiry is
> whether, based solely on medical evidence, the claimant has an
> impairment which is listed in Appendix 1 of the regulations.  If the
> claimant has such an impairment, the [Commissioner] will consider him
> disabled without considering vocational factors such as age, education,
> and work experience; the [Commissioner] presumes that a claimant who
> is afflicted with a "listed" impairment is unable to perform substantial

4

gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff alleges that the ALJ's RFC determination was not supported by substantial evidence based on improper consideration of the record and medical opinions. Dkt. No. 16, Pl.'s Mem. of Law at pp. 11-25. Defendant, in turn, submits that the proper legal standards were applied and that the decision should be affirmed as supported by substantial evidence. Dkt. No. 19, Def.'s Mem. of Law at pp. 4-21.

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. at 153. The Court will not reweigh the evidence that was before the ALJ. *Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016), *report and recommendation adopted*,

2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it.'") (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996)); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

A claimant's RFC is the most he can still do despite his limitations. *Penny Ann W. v. Berryhill*, 2018 WL 6674291, at *4 (N.D.N.Y. Dec. 19, 2018). The ALJ has broad discretion "to review the opinions of record and weigh them accordingly along with Plaintiff's testimony, reports, and treatment history to determine [the] RFC." *Nesiba O. v. Comm'r of Soc. Sec.*, 2019 WL 464882, at *7 (N.D.N.Y. Feb. 6, 2019); *see also Jennifer Lee W. v. Berryhill*, 2019 WL 1243759, at *6 (N.D.N.Y. Mar. 18, 2019) (it is the ALJ's role "to choose between properly submitted medical opinions."). Additionally, "[i]t is the province of the ALJ to resolve genuine conflicts in the record." *Clemons v. Comm'r of Soc. Sec.*, 2017 WL 766901, at *4 (N.D.N.Y. Feb. 27, 2017) (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)). As a result, when the ALJ's conclusions find reasonable support in the record, courts "will defer to the ALJ's

resolution" regarding the appropriate weight to be afforded to various medical opinions. *Teresa L. v. Comm'r of Soc. Sec.*, 2020 WL 6875254, at *7 (W.D.N.Y. Nov. 23, 2020).

### A. Plaintiff's Physical RFC

The ALJ found that Plaintiff could perform light work with various limitations, none of which directly addressed Plaintiff's ability to sit, stand, or walk.  Tr. at p. 20. Light work generally requires "intermittently standing or walking for a total of approximately 6 hours of an 8–hour workday, with sitting occurring intermittently during the remaining time."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009). Plaintiff argues that this RFC physical finding was not supported by substantial evidence because no medical opinion was offered on his ability to satisfy these sitting, standing, and walking requirements.  Pl.'s Mem. of Law at pp. 11-12.  This is not a basis for remand.

There are two medical opinions in the record regarding Plaintiff's functional capacity.   Dr. Periakaruppan found Plaintiff to have "[n]on severe physical impairments" and to need "non exertional limitations only."  Tr. at pp. 95 & 101.  Dr. Ganesh, while finding Plaintiff had certain physical impairments, concluded that he had "[n]o limitations." Tr. at p. 438.  While Plaintiff is nominally correct that these opinions did not specifically state Plaintiff's ability to walk, stand, and sit consistent with light work, such a conclusion was inherent in the findings that he had no limitations.  Given that "none of the opinions of record place any restrictions on [Wilcox's] physical abilities," the Court rejects Plaintiff's argument that the RFC is not supported by

7

substantial evidence.  *Romano v. Astrue*, 2013 WL 450166, at *3 (N.D.N.Y. Feb. 6, 2013).

Plaintiff makes a related argument that, in light of a finding of no limitation, the ALJ's imposition of additional physical restrictions in the RFC must be the product of the ALJ's impermissible reliance on her own interpretation of the medical data.  Pl.'s Mem. of Law at pp. 12-16.  This is also no basis for remand.

As noted, the opinions of Doctors Periakaruppan and Ganesh found Plaintiff had no physical limitations.  Tr. at pp. 95, 101, & 438.  These findings, which the ALJ credited, Tr. at p. 21, would provide substantial evidence for a finding that Plaintiff could perform light work with no physical restrictions.  *See Michael M. v. Comm'r of Soc. Sec.*, 2019 WL 530801, at *11 (N.D.N.Y. Feb. 11, 2019); *Holland v. Comm'r of Soc. Sec.*, 2016 WL 482063, at *4 (N.D.N.Y. Feb. 5, 2016).  The RFC need not perfectly correlate with the medical opinions in the record.  *Lisa L.P. v. Comm'r of Soc. Sec.*, 2021 WL 1516242, at *4 (W.D.N.Y. Apr. 16, 2021).  "Where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand."  *Catalfamo v. Berryhill*,  2019 WL 1128838, at *2 (W.D.N.Y. Mar. 12, 2019) (internal quotation omitted) (citing cases); *see also Harry B. v. Comm'r of Soc. Sec.*, 2021 WL 1198283, at *13 (N.D.N.Y. Mar. 30, 2021) (citing cases).  The more restrictive RFC imposed by the ALJ finds some support in the record.  For example, Plaintiff testified about difficulty bending and his function report identified difficulty with stairs.  Tr. at pp. 52 & 257.  The RFC limited Plaintiff's ability to do both

activities.  Tr. at p. 20.  "It is not error for the ALJ to credit plaintiff's testimony regarding his limitations in assessing a somewhat more restrictive RFC than a consultative examiner."  *Thompson v. Berryhill*, 2019 WL 2514831, at *3 (W.D.N.Y. June 18, 2019); *see also Mae B. v. Comm'r of Soc. Sec.*, 2021 WL 2643177, at *4 (W.D.N.Y. June 28, 2021).

Even were the ALJ's decision in imposing greater restrictions error, that error would clearly be harmless.  The RFC found by the ALJ was more restrictive than the medical opinions at issue and so Plaintiff can show no prejudice from its imposition. *Michael G. v. Comm'r of Soc. Sec.*, 2020 WL 7706603, at *4 (W.D.N.Y. Dec. 29, 2020). The elimination of the added restrictions would have made Plaintiff more employable, not less, and so Plaintiff cannot show how the ultimate finding that he was not disabled would have been altered if the ALJ had imposed less restrictions.  *See Fiducia v. Comm'r of Soc. Sec.*, 2017 WL 4513405, at *4 (N.D.N.Y. Oct. 10, 2017) (error is harmless when it "would not have changed the outcome.") (citing cases).  Significantly, "none of plaintiff's treating providers offered any functional limitations more restrictive than the RFC."  *Stover v. Saul*, 2020 WL 897411, at *8 (W.D.N.Y. Feb. 25, 2020). "Having arguably restricted Plaintiff more than the record supported, the Court concludes that 'the ALJ's failure to offer a specific explanation' for the challenged distinction is at most harmless error."  *Vincent K.-B. v. Saul*, 2021 WL 535052, at *5 (N.D.N.Y. Feb. 12, 2021) (quoting *LaRock ex rel. M.K. v. Astrue*, 2011 WL 1882292,

at *10 (N.D.N.Y. Apr. 29, 2011), *report and recommendation adopted sub nom. LaRock v. Astrue*, 2011 WL 1883045 (N.D.N.Y. May 17, 2011)).

### B. Plaintiff's Mental RFC

The ALJ found that Plaintiff was limited to simple, routine, and repetitive tasks and was limited to a low stress work environment. Tr. at p. 20. She further limited Plaintiff to only occasional contact with coworkers and no public contact. *Id.* Finally, the ALJ made a specific finding that Plaintiff could perform work with a math and language level of two. *Id.* Plaintiff makes a number of challenges to these findings, Pl.'s Mem. of Law at pp. 17-25, none of which warrants remand.

Plaintiff objects, without elaboration, that the ALJ erred in dismissing the opinion of Amy McCune "without evaluation." Pl.'s Mem. of Law at p. 17. Contrary to Plaintiff's assertion, this opinion was not discounted without evaluation. Instead, the ALJ specifically found she was not required to provide a detailed analysis regarding this opinion under controlling regulations. Tr. at p. 21 (citing 20 C.F.R. §§ 404.1520b(c) & 416.920b(c)). The cited provisions relate to evidence deemed "neither valuable nor persuasive," and directs that the Social Security Administration "will not provide any analysis about how we considered such evidence." 20 C.F.R. § 404.1520b(c). Statements are covered under this provision if, *inter alia*, they are "on issues reserved to the Commissioner." 20 C.F.R. § 404.1520b(c)(3). Ms. McCune's opinion contained nothing more than a conclusory finding of Plaintiff's inability to participate in any

10

activities.  Tr. at p. 442.  It was reasonable for ALJ to conclude she was required to provide no further explanation under the regulation discussed above.

Plaintiff's position is that the opinions of Rhonda O'Connor and Andy Lopez-Williams should have been given greater weight than those of Doctors Grassl and Lieber-Diaz.  *See* Pl.'s Mem. of Law at pp. 17 & 20-22.  Plaintiff fails to provide more detailed reasoning for this argument, but it appears to be based largely on a weighing of the evidence which is the proper role of the ALJ, not the Court.  *Pimenta v. Barnhart*, 2006 WL 2356145, at *5 (S.D.N.Y. Aug. 14, 2006).

Plaintiff argues that the RFC was "too generic to account for Plaintiff's individualized reaction to stress and mental impairments."  Pl.'s Mem. of Law at pp. 17-18.  The Court disagrees.  Plaintiff claims that the ALJ failed to address Plaintiff's moderate limitations regarding impulse control and regulating emotions in the RFC, *id.* at p. 18, but the restriction of Plaintiff to a low stress environment clearly did so.  Tr. at p. 20; *Becky Sue H. v. Comm'r of Soc. Sec.*, 2021 WL 7367082, at *9 (N.D.N.Y. Dec. 15, 2021), *report and recommendation adopted sub nom. Becky Sue H. v. Kijakazi*, 2022 WL 304518 (N.D.N.Y. Feb. 2, 2022); *Richard B. v. Comm'r of Soc. Sec.*, 2021 WL 4316908, at *8 (W.D.N.Y. Sept. 23, 2021).

Insofar as Plaintiff alleges that the ALJ mischaracterized and improperly cherry-picked from the record in support of her RFC finding, the Court finds that the record does not support that claim.  Plaintiff objects to the ALJ's finding that his "mental status examinations were largely within normal range."  Tr. at p. 24.  He relies on other, less

11

optimistic notes throughout his records to suggest that this was not the case.  Pl.'s Mem. of Law at pp. 20-21.  The ALJ's decision carefully recounted the record evidence regarding Plaintiff's mental and emotional limitations.  Tr. at pp. 19-25.  The ALJ did not selectively pick from the record solely to support a no disability finding since she imposed significant limitations on this part of the RFC.  A review of the record evidence upon which she relied clearly provides substantial evidence for her conclusion.  *See*, *e.g.*, Tr. at pp. 383, 620, 640, 688, 1068-1069.  That there was contrary evidence does not alter this fact because it "is the ALJ's role as fact-finder to weigh all the evidence and come to a conclusion."  *Miller v. Comm'r of Soc. Sec.*, 2017 WL 4286295, at *6 (N.D.N.Y. Sept. 26, 2017).  "While Plaintiff may disagree with the ALJ's assessment of the record evidence, it is not this Court's role to reweigh the evidence."  *Edward A. v. Saul*, 2020 WL 4015265, at *3 (N.D.N.Y. July 15, 2020).

Plaintiff next objects to the ALJ's consideration of his activities at home in assessing the RFC.  Pl.'s Mem. of Law at p. 24.  Exactly how it is that Plaintiff alleges the ALJ erred in this regard, however, is unclear.  The ALJ may consider the nature of a claimant's daily activities in evaluating the consistency of allegations of disability with the record as a whole.  20 C.F.R. §§ 404.1529(c)(3)(i) & 416.929(c)(3)(1); *Tasha W. v. Comm'r of Soc. Sec.*, 2021 WL 2952867, at *7 (N.D.N.Y. July 14, 2021).   The ALJ's reliance on Plaintiff's own testimony that he has successfully managed his emotions, controlled his temper, and avoided physical confrontations with his girlfriend in his home, Tr. at pp. 24 & 59-61, was a reasonable consideration with respect to Plaintiff's

limitations for doing so at work. *Angelia J. v. Comm'r of Soc. Sec.*, 2021 WL 2715801, at *4 (W.D.N.Y. July 1, 2021) (noting relevance of plaintiff's testimony as evidence to support RFC).

Plaintiff's final objection is to the ALJ's finding that he could perform work at a general education level ("GED") of two. Pl.'s Mem. of Law at pp. 24-25. Though the precise nature of Plaintiff's objection is unclear, it appears to be that this finding was not supported by substantial evidence. *Id.* This claim lacks merit. Plaintiff testified that he operated at a fifth grade reading level and fourth grade level in math. Tr. at pp. 40-41. This is consistent with educational records in the record, Tr. at p. 299, and does not appear to be in dispute. The vocational expert testified that this level of education translated to a GED level of two. Tr. at pp. 66-67. The ALJ's reliance on this testimony was not erroneous. *See Polynice v. Colvin*, 2013 WL 6086650, at *17 (N.D.N.Y. Nov. 19, 2013).

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it is further

13

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: March 17, 2022
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

14